UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD VOGEL,<br>    Plaintiff, | : | CIVIL CASE NUMBER: |
| v. | : | 3:14-cv-01721 (VLB) |
| CA, Inc.<br>    Defendant. | : | November 20, 2015 |

## MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Howard Vogel ("Plaintiff") brought an employment discrimination action in this Court against his former employer CA, Inc. ("Defendant"), alleging claims for race and national origin discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen.Stat. § 46a-60 *et seq*. Dkt. No. 12-cv-990 ("*Vogel I*"), ECF No. 1. The complaint asserted that the Court had federal question jurisdiction over the Title VII claims and supplemental jurisdiction over the state law claims, but it did not cite 28 U.S.C. § 1332 or allege that the amount in controversy exceeded $75,000.[1] *Id.* This Court granted summary judgment in Defendant's favor on the federal claims, ruling, in relevant part, that Plaintiff failed to make out a *prima facie* case of discrimination and retaliation. Dkt. No. 12-cv-990, ECF No. 54. Upon so ruling, the Court declined to exercise supplemental jurisdiction over the state claims. *Id.*

---

[1] A plaintiff does not establish the existence of diversity jurisdiction when the complaint fails to plead any amount in controversy. *Pucci v. Brown*, 423 F. App'x 77, 78 (2d Cir. 2011) ("[A]lthough [the plaintiff] and the defendant are alleged to be diverse in citizenship, [the plaintiff] has failed to *plead* any amount in controversy, let alone an amount in excess of $75,000." (emphasis added)); *see also* Fed. R. Civ. 8(a).

1

Following the entry of summary judgment in *Vogel I*, Plaintiff filed suit in Connecticut Superior Court against Defendant asserting the CFEPA claims. Dkt. No. 14-cv-1721 ("*Vogel II*"), ECF No. 1.  Defendant removed *Vogel II* to this Court, establishing the existence of diversity jurisdiction for the first time by asserting in good faith that the matter in controversy exceeded $75,000. *Id.* The parties have agreed to allow the Court to adjudicate Vogel's CFEPA claims on the summary judgment briefing filed in *Vogel I*, and Plaintiff has filed supplemental briefing in which he makes new arguments. Dkt. No. 14-cv-1721, ECF Nos. 20 (Min. Entry); 23 (Opp'n). Before the Court is the Defendant's motion for summary judgment on Plaintiff's CFEPA discrimination and retaliation claims. Once again, summary judgment must be granted in Defendant's favor because collateral estoppel bars Plaintiff from relitigating issues which are dispositive of the claims here. For the reasons explained in more detail below, the Court GRANTS Defendant's motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Before reaching the discussion section, a brief overview of this Court's prior summary judgment decision is necessary. This Court denied Plaintiff's Title VII race and national origin discrimination claims for failure to make out a *prima facie* case of discrimination, ruling that "nothing in the record demonstrates an indicia of discriminatory animus such that a reasonable juror could conclude that Vogel's termination or the reduction of the strategic component of his position took place under circumstances giving rise to an inference of discrimination." Dkt. No. 12-cv-990, ECF No. 54 at 40. Plaintiff's Title VII retaliation claim

predicated on the change in job duties failed because his change in job duties did not constitute an adverse employment action. *Id.* at 40–44. All of his retaliation claims (with respect to all alleged adverse actions) failed because he could not put forth evidence of a causal connection between his complaint and any of the alleged adverse actions. *Id.* at 44–53. Vogel's Title VII discrimination and retaliation claims also both failed because he could not produce admissible evidence suggesting that Defendant's nondiscriminatory rationale for its conduct was pretext. *Id.* at 53–59. This Court declined to exercise supplemental jurisdiction over the remaining CFEPA claims. *Id.* at 60–61.

## DISCUSSION

"It has long been established that the judgments of the federal courts are to be accorded full faith and credit when a question of their recognition arises . . . in another federal court." Restatement (Second) of Judgments § 87 (1982). The recognition of judgments concerns the doctrines of *res judicata* (claim preclusion) and *collateral estoppel* (issue preclusion). 18 *Moore's Federal Practice,* § 130.01 (Matthew Bender 3d ed.). These doctrines are affirmative defenses, but a federal court may apply them *sua sponte* to resolve an action on summary judgment. *See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming grant of summary judgment on *collateral estoppel* grounds although doctrine raised *sua sponte* and without providing losing party opportunity to argue against doctrine's application). A federal court applies federal law to determine the preclusive effect of its prior federal question judgment. *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 41–42 (2d Cir. 1986).

*Res judicata* prevents subsequent litigation "if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) (internal quotation marks omitted). That doctrine does not apply here because this Court declined to exercise supplemental jurisdiction over Vogel's CEFPA claims in the prior federal question action. 18 *Moore's Federal Practice*, § 133.13 (Matthew Bender 3d ed.) ("It follows that when a plaintiff tenders both state and federal claims to the federal court, but that court declines to exercise its supplemental jurisdiction over the state claims, there is no *res judicata* bar to the plaintiff litigating the state claims in state court.").

However, the fact that *res judicata* does not apply here does not end this Court's inquiry into the recognition of its prior final judgment. *Collateral estoppel* prevents the relitigation of a legal or factual issue when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *United States v. Hussein,* 178 F.3d 125, 129 (2d Cir. 1999) (quotation marks and alterations omitted). Plaintiff unquestionably had one full and fair opportunity to litigate because he prosecuted the earlier action in federal court. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327 n.7 (1979) (observing that this element, which concerns due process, is violated when *collateral estoppel* "bind[s] a litigant who was not a

4

party or a privy and therefore has never had an opportunity to be heard"). The Court therefore will apply elements one, two, and four to his CFEPA race and national origin discrimination claims and then to his CFEPA retaliation claims.

Title VII and CFEPA race and national origin discrimination claims are analyzed under identical legal standards. *Craine v. Trinity College,* 259 Conn. 625, 637 n. 6 (2002). In *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010), a case in which the plaintiff asserted claims for gender discrimination and retaliation under both Title VII and under CFEPA, the Second Circuit observed that the Connecticut Supreme Court in *Crane* held that the analysis of discrimination and retaliation claims under CFEPA is the same as under Title VII. The *Kaytor* court therefore held that because the plaintiff failed to establish a *prima facie* case of Title VII retaliatory termination by showing that the defendant's termination of her employment was motivated by discrimination, her CFEPA claim predicated on the same facts failed for the same reason. *Id.*; *see also Jarrell v. Hosp. for Special Care*, 2015 WL 5568427, at *1 n.1 (2d Cir. Sept. 23, 2015) (citing *Kaytor*, 609 F.3d at 556).

Under both Title VII and CFEPA, a *prima facie* claim of discrimination requires proof that an "adverse action took place under circumstances giving rise to an inference of discrimination." *Id.* at *1. In other words, a plaintiff cannot prevail if he fails to make out a *prima facie* case. *See id.* Once an employee establishes a *prima facie* case, the court then considers whether the plaintiff has demonstrated that the real reason for the adverse action was race or national origin, if the employer offers a legitimate, nondiscriminatory reason for its

5

adverse employment action.  *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).  Not only are the legal analyses the same, the facts concerning both analyses in this case are also the same because the parties rely exclusively on the evidence filed in the prior action.[2]

In the prior action, this Court ruled that Plaintiff had not put forth admissible evidence demonstrating that his "termination or the reduction of the strategic component of his position took place under circumstances giving rise to an inference of discrimination."  Dkt. No. 54 (Order) at 40.  The Court also ruled that the discrimination claims failed because Vogel had not produced admissible evidence suggesting that Defendant's objective nondiscriminatory rationale for its conduct, namely Plaintiff's utter failure to perform, was pretext.  *Id.* at 53–59.  These rulings constituted the sole and final grounds on which this Court entered summary judgment on Plaintiff's Title VII race and national origin discrimination claims.  *See Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 955 (2d Cir. 1964) (observing that finality "mean[s] little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again").  The Court therefore enters summary judgment with respect to Plaintiff's CFEPA race and national origin discrimination claims because he cannot relitigate the legal issues from *Vogel I* that are necessary for him to prevail in *Vogel II*.

Plaintiff's CFEPA retaliation claims present a slightly more difficult question in light of the Supreme Court's recent decision in *Univ. of Tex. SW Med.*

---

[2] Indeed, the parties must rely on the same evidence unless they could demonstrate that some new evidence was previously unavailable. *See Yamaha Corp. v. United States*, 961 F.2d 245, 257 (D.C. Cir. 1992).

*Ctr. v. Nassar*, 133 S. Ct. 2517 (2013).  In *Nasser*, the Supreme Court held that a party raising a Title VII retaliation claim "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Id.* at 2533.  Prior to this *Nasser*, Title VII and CFEPA claims were analyzed identically. *See Kaytor*, 609 F.3d at 556.  Decisions of the Supreme Court on questions of federal law, however, are not binding on Connecticut courts with respect to questions of state law because the Supreme Court is not tasked with interpreting Connecticut statutes.  *Vollemans v. Wallingford*, 103 Conn.App. 188, 199–200 (2007), *aff'd*, 289 Conn. 57, 956 A.2d 579 (2008).  The Connecticut Supreme Court has not been determined whether *Nassar* affects the causation standard of claims under the CFEPA, and "federal courts in this district have not agreed upon a resolution of their own."  *DeAngelo v. Yellowbook Inc.*, 2015 WL 1915641, at *13 (D. Conn. Apr. 27, 2015).  This Court, however, has held that it will apply the lower standard applicable under Connecticut law prior to *Nassar*.  *See Richards v. Groton Bd. of Educ.*, 2015 WL 4999803, at *3 n.3 (D. Conn. Aug. 21, 2015).

Unfortunately for Plaintiff, the issue is a red herring.  Regardless of *Nassar*'s impact on the ultimate burden of proof born by a plaintiff who raises a CFEPA retaliation claim, it did not alter the standards applicable to making a *prima facie* retaliation claim.  *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) ("[T]he but-for causation standard does not alter the plaintiff's ability to demonstrate causation at the prima facie stage on summary judgment or at trial.").  A plaintiff still must show "'(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment

7

action; and (4) a causal connection between the protected activity and the adverse employment action.'"  *Delgado*, 2015 WL 6675534, at *21 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015)).  And, as previously noted, the relevant facts are the same.  This Court already held that Plaintiff could not demonstrate that he suffered an adverse employment action (with respect to his change in job duties) and that he could not demonstrate evidence of a causal connection between his protected activity and any of his alleged adverse actions.  DKT.. No. 54 (Order) at 44.  These rulings constituted two of the three grounds on which this Court entered summary judgment on Plaintiff's Title VII retaliation claim, and these two grounds combined were alone sufficient to deny the Title VII retaliation claims.  See *Gelb*, 798 F.2d at 45 ("The general rule in this circuit is that if a court decides a case on two grounds, each is good estoppel." (internal quotation marks omitted)).  The Court therefore enters summary judgment with respect to Plaintiff's CFEPA retaliation claims because he cannot relitigate the legal issues from *Vogel I* that are necessary for him to prevail in *Vogel II*.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment.

IT IS SO ORDERED.

                                           /s/
                                        Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: November 20, 2015